IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHNNA JOWANNA MIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-167 |
| | ) | |
| US DEPARTMENT OF HEALTH & HUMAN SVCS; OFFICE OF GOV'T INFORMATION SVCS; ARIANNE PERKINS; RUHMA SUFIAN; and PAULA FORMOSO, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because she is proceeding IFP, Plaintiff's Complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

I.   **SCREENING THE COMPLAINT**

   A.   **BACKGROUND**

Plaintiff names as Defendants: (1) U.S. Department of Health and Human Services, (2) Office of Government Information Services, (3) Arianne Perkins, (4) Ruhma Sufian, and (5) Paula Formoso. (See generally doc. no. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On July 7, 2021, Plaintiff submitted a complaint to the U.S. Department of Health and Human Services ("HHS"), Office of Civil Rights. (Id. at 5.) Plaintiff's complaint alleged the

Jenkins County Department of Family & Children Services racially discriminated against her in the foster care placement of her nephew by preferring Caucasian foster parents over Plaintiff, an African American. (Id. at 11.) After reviewing Plaintiff's complaint, the HHS Office of Civil Rights closed the case without further investigation on December 12, 2022. (Id. at 11-12.)

Plaintiff submitted a Freedom of Information Act ("FOIA") request for the "entire investigative [Office of Civil Rights] file" from the HHS headquarters on December 18, 2022. (Id. at 5, 14.) On December 19, 2022, Plaintiff received an email from Defendant Ruhma Sufian with an acknowledgment letter of the FOIA request. (Id.) The acknowledgment letter, signed by Defendant Arianne Perkins, informed Plaintiff "because [Plaintiff] seek[s] records which require a search in another office, 'unusual circumstances' apply," which automatically extended the agency's response time to Plaintiff's request by an additional ten days. (Id. at 14 (citing 5 U.S.C. § 552(a)(6)(B)(i)-(iii)).) The letter further stated the HHS Office of the Secretary "estimate[d] needing more than 10 additional days to respond to [Plaintiff's] request" based on the complexity of the search and corresponding records. (Id.) The letter assigned Plaintiff's request to the "complex track" and offered Plaintiff an opportunity to narrow her request. (Id.) Finally, the letter informed Plaintiff she had the right to seek dispute resolution services from the HHS FOIA/PA Public Liaison and/or the Office of Government Information Services ("OGIS"). (Id. at 14-15.)

Instead of narrowing her request, Plaintiff decided to wait for responsive records. (Id. at 13.) On January 26, 2023, Plaintiff emailed Defendant Sufian to inquire about the status of her FOIA request. (Id. at 5, 16.) Defendant Sufian's reply stated the FOIA Office of the Secretary had "identified the offices who are likely to maintain the records requested" but that they were "still waiting for responsive records." (Id. at 16.) The reply noted Plaintiff's request status would be updated on the Public Access Link website once the office received responsive records. (Id.)

Plaintiff sent additional follow-up emails to Defendant Sufian on March 22, March 30, and June 23, 2023, but received no response. (Id. at 6, 17, 18.)

Due to Defendant Sufian's lack of response, Plaintiff sent a complaint email on June 25, 2023, to the email addresses for the HHS FOIA Public Liaison and OGIS, which the FOIA request acknowledgment letter listed as dispute resolution contacts. (Id. at 6, 19.) Plaintiff also included individual HHS employees in this email and included a PDF attachment chronicling her prior attempts at communication. (Id. at 19.) Plaintiff received an automatic email reply from the OGIS, stating OGIS staff "will review [Plaintiff's] submission as soon as possible and will respond as appropriate." (Id.) Plaintiff enabled read receipts for this complaint email, which demonstrated nearly all email recipients read the email and opened the PDF attachment.[1] (Id. at 21-22.) In July 2023, Plaintiff sent a follow-up email about her complaint to the HHS FOIA Public Liaison and OGIS and again received no response. (Id. at 6, 20.)

On February 7, 2024, Plaintiff attempted to retrieve the requested documents from Superior Court of Jenkins County Chief Judge Peed, but he denied her request. (Id. at 6.) Accordingly, on September 17, 2024, Plaintiff filed this lawsuit.

B. DISCUSSION

1. **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

---

[1] One email recipient, Defendant Perkins, read the email but did not open the PDF attachment. (Doc. no. 1, pp. 21-22.)

as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants Sufian, Perkins, and Formoso Because Individuals Are Not Proper Defendants Under FOIA

Pursuant to 5 U.S.C. § 552a, "[a] plaintiff may bring in federal court a private cause of action under the FOIA to enjoin a federal agency that has improperly withheld records." Thompson v. Dept. of Navy, Headquarters, U.S. Marine Corps., 491 F. App'x 46, 48 (2012) (*per curiam*). To bring a FOIA cause of action, a plaintiff must show "an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" Rayan v. Saul, No. 1:19-cv-4475, 2019 WL 13227140, at *5 (N.D. Ga. Nov. 1, 2019) (quoting Kissinger v. Reps. Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980)). Accordingly, a FOIA action may only be brought against an agency, not individuals. Sikes v. United States, 987 F. Supp. 2d 1355, 1364 (S.D. Ga. Dec. 6, 2013) ("[T]he FOIA does not 'create[] a cause of action for a suit against an individual employee of a federal agency.'" (quoting Petrus v. Bowen, 833 F.2d 581, 582 (5th Cir. 1987))); see also Statton v. Fla. Fed. Jud. Nominating Comm'n, No. 8:19-cv-485, 2019 WL 1763239, at *3 (M.D. Fla. Apr. 22, 2019) ("[P]rivate individuals are not proper defendants in FOIA actions.") Here, Defendants Sufian, Perkins, and Formoso are individual federal employees, and thus they are not proper defendants in a FOIA action. Accordingly, Plaintiff's claims against Defendants Sufian, Perkins, and Formoso should be **DISMISSED**.

### 3. Plaintiff Fails to State a Claim Against Defendant OGIS Because OGIS Does Not Hold the Requested Records

5 U.S.C. § 552(a)(4)(B) provides "the district court of the United States . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." Thus, according to the plain language of § 552(a)(4)(B), a federal district court may only provide relief against agencies alleged to be improperly withholding records. Id.; see Rallis v. Stone, 821 F. Supp. 466, 469 (E.D. Mich. Mar.

26, 1993) ("The proper party defendant in a[] FOIA action is the agency allegedly withholding the documents sought."); Del Rio v. Fed. Bureau of Investigation, Case No. 08-21103-CIV-MORENO, 2008 WL 11331745, at *1 (S.D. Fla. Oct. 21, 2008) (concluding the U.S. Attorney's Office was not a proper defendant in plaintiff's FOIA action because the plaintiff made a FOIA request to the FBI, not the U.S. Attorney's Office). Here, Plaintiff seeks records from HHS, not OGIS. (Doc. no. 1, p. 5.) Although Plaintiff submitted a complaint to OGIS to resolve her FOIA dispute with HHS, this action does not transform OGIS into a proper defendant. Indeed, "OGIS has no 'investigatory or enforcement power' or authority to 'compel an agency to release documents.'" Scholl v. Various Agencies of the Fed. Gov., 14-cv-1003, 2016 WL 5313202, at *4 (D.D.C. Sept. 22, 2016) (quoting an OGIS letter made in response to the plaintiff's FOIA complaint). Instead, OGIS's role is to be "the Federal FOIA Ombudsman and . . . assist[] with the FOIA process." Id. Therefore, because OGIS does not hold the records sought by Plaintiff and merely facilitates FOIA dispute resolution services, OGIS should be **DISMISSED** as a defendant.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's FOIA claims against Defendants Office of Government Information Services, Sufian, Perkins, and Formoso be **DISMISSED** for failure to state a claim. In a companion Order, the Court allows Plaintiff's FOIA claim against Defendant HHS to proceed.

SO REPORTED and RECOMMENDED this 23rd day of October, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA