IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHNNA JOWANNA MIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-167 |
| | ) | |
| US DEPARTMENT OF HEALTH & | ) | |
| HUMAN SVCS; OFFICE OF GOV'T | ) | |
| INFORMATION SVCS; ARIANNE | ) | |
| PERKINS; RUHMA SUFIAN; and | ) | |
| PAULA FORMOSO, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**

_____

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). Having considered Plaintiff's affidavit of poverty, the Court **GRANTS** her request to proceed IFP. (Doc. no. 2.) If in the future, however, it appears that Plaintiff's financial situation has improved, the Court may act on its own initiative to require either to pay either the entire filing fee or an appropriately determined partial filing fee.

Because she is proceeding IFP, Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

I.      SCREENING OF THE COMPLAINT

    A.      BACKGROUND

Plaintiff names as Defendants:  (1) U.S. Department of Health and Human Services, (2) Office of Government Information Services, (3) Arianne Perkins, (4) Ruhma Sufian, and (5) Paula Formoso.  (See generally doc. no. 1.)  Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On July 7, 2021, Plaintiff submitted a complaint to the U.S. Department of Health and Human Services ("HHS"), Office of Civil Rights.  (Id. at 5.)  Plaintiff's complaint alleged the Jenkins County Department of Family & Children Services racially discriminated against her in the foster care placement of her nephew by preferring Caucasian foster parents over Plaintiff, an African American.  (Id. at 11.)  After reviewing Plaintiff's complaint, the HHS Office of Civil Rights closed the case without further investigation on December 12, 2022.  (Id. at 11-12.)

Plaintiff submitted a Freedom of Information Act ("FOIA") request for the "entire investigative [Office of Civil Rights] file" from the HHS headquarters on December 18, 2022.  (Id. at 5, 14.)  On December 19, 2022, Plaintiff received an email from Defendant Ruhma Sufian with an acknowledgment letter of the FOIA request.  (Id.)  The acknowledgment letter, signed by Defendant Arianne Perkins, informed Plaintiff "because [Plaintiff] seek[s] records which require a search in another office, 'unusual circumstances' apply," which automatically extended the agency's response time to Plaintiff's request by an additional ten days.  (Id. at 14 (citing 5 U.S.C. § 552(a)(6)(B)(i)-(iii)).)  The letter further stated the HHS Office of the Secretary "estimate[d] needing more than 10 additional days to respond to [Plaintiff's] request" based on the complexity of the search and corresponding records.  (Id.)  The letter assigned Plaintiff's request to the "complex track" and offered Plaintiff an opportunity to narrow her request.  (Id.)  Finally, the letter

informed Plaintiff she had the right to seek dispute resolution services from the HHS FOIA/PA Public Liaison and/or the Office of Government Information Services ("OGIS").  (Id. at 14-15.)

Instead of narrowing her request, Plaintiff decided to wait for responsive records.  (Id. at 13.)  On January 26, 2023, Plaintiff emailed Defendant Sufian to inquire about the status of her FOIA request.  (Id. at 5, 16.)  Defendant Sufian's reply stated the FOIA Office of the Secretary had "identified the offices who are likely to maintain the records requested" but that they were "still waiting for responsive records."  (Id. at 16.)  The reply noted Plaintiff's request status would be updated on the Public Access Link website once the office received responsive records.  (Id.)  Plaintiff sent additional follow-up emails to Defendant Sufian on March 22, March 30, and June 23, 2023, but received no response.  (Id. at 6, 17, 18.)

Due to Defendant Sufian's lack of response, Plaintiff sent a complaint email on June 25, 2023, to the email addresses for the HHS FOIA Public Liaison and OGIS, which the FOIA request acknowledgment letter listed as dispute resolution contacts.  (Id. at 6, 19.)  Plaintiff also included individual HHS employees in this email and included a PDF attachment chronicling her prior attempts at communication.  (Id. at 19.)  Plaintiff received an automatic email reply from the OGIS, stating OGIS staff "will review [Plaintiff's] submission as soon as possible and will respond as appropriate."  (Id.)  Plaintiff enabled read receipts for this complaint email, which demonstrated nearly all email recipients read the email and opened the PDF attachment.[1]  (Id. at 21-22.)  In July 2023, Plaintiff sent a follow-up email about her complaint to the HHS FOIA Public Liaison and OGIS and again received no response.  (Id. at 6, 20.)

---

[1] One email recipient, Defendant Perkins, read the email but did not open the PDF attachment.  (Doc. no. 1, pp. 21-22.)

On February 7, 2024, Plaintiff attempted to retrieve the requested documents from Superior Court of Jenkins County Chief Judge Peed, but he denied her request. (Id. at 6.) Accordingly, on September 17, 2024, Plaintiff filed this lawsuit.

Liberally construing Plaintiff's allegations in her favor and granting her the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has arguably stated a FOIA claim against Defendant HHS. See Lee-Lewis v. Kerry, 2:13-CV-80, 2016 WL 6647937, *9-10 (S.D. Ga. Nov. 8, 2016) (concluding plaintiffs stated FOIA claim because defendants did not respond to FOIA request "beyond issuing a receipt acknowledgment letter" and agency's "40-month delay is far beyond FOIA's deadlines"); Lodge v. Berry, 1:10-CV-0686, 2010 WL 11493788, at *4-5 (N.D. Ga. Mar. 9, 2010) (construing "somewhat unclear" complaint to state FOIA claim where plaintiff "allege[d] he requested documents from the 'Whitehouse,' who directed the Office of Personnel Management to turn over the documents to Plaintiff and the director refused"), adopted by 2010 WL 11493750 (N.D. Ga. Apr. 9, 2010); Taylor v. Appleton, 30 F.3d 1365, 1368 (11th Cir. 1994) (explaining "requirements for constructive exhaustion arguably were met" to allow suit where agency acknowledged receipt of plaintiff's FOIA request but failed to respond within statutory time frame). Accordingly, process shall issue as to Defendant HHS. In a companion Report and Recommendation, the Court recommends dismissal of Plaintiff's claims against Defendants Sufian, Perkins, Formoso, and OGIS.

## II.     INSTRUCTIONS

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendant HHS. The United States Marshal shall effect service of the Complaint, (doc. no. 1), on the required government officers and agencies in accordance with Federal Rule of Civil Procedure 4(i) and

shall include a copy of this Order with the summons and Complaint.  Service must be effected within ninety days of the date of this Order.  See Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** Plaintiff shall serve upon the Defendant, or upon its defense attorney(s) if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court.  Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendant or its counsel. Fed. R. Civ. P. 5; Loc. R. 5.1.  Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number.  Fed. R. Civ. P. 10(a).  Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendant.  Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit her deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action.  Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.  The defendant shall ensure Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address.  Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution.  Fed. R. Civ. P. 41; Loc. R. 41.1.  If Plaintiff wishes to obtain facts and information about the case from the defendant, Plaintiff must initiate discovery.  See

generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the first answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, she should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, she should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after

6

service of the motion.  Loc. R. 7.5, 56.1.  A failure to respond shall indicate that there is no opposition to the motion.  Loc. R. 7.5.  Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.  Should a defendant file a motion for summary judgment, Plaintiff is advised that she will have the burden of establishing the existence of a genuine issue as to any material fact in this case.  That burden cannot be carried by reliance on the conclusory allegations contained within the complaint.  Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if she desires to contest the defendant's statement of the facts.  Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these:  any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 23rd day of October, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA